```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              WESTERN DISTRICT OF MISSOURI
                     WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00244-01-CR-W-NKL |
| RANDOLPH D. MCCALLOP, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On January 13, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### *I.  BACKGROUND*

On August 11, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On January 13, 2010, defendant appeared before me with his counsel, Assistant Federal Public Defender William Raymond. The government was represented by Assistant United States Attorney Paul Becker. The proceedings were recorded and a transcript of the hearing was filed on January 14, 2010.

## II.  AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of *de novo* review by a district judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. <u>Id.</u>

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On August 11, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant understood the charges in the indictment (Tr. at 4).

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 3-4).

3. Defendant was advised of and understood the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

   b. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

   c. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

d. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 6);

e. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 5-6); and

f. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6-7).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 7).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 7). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 7). Defendant stated that he understood (Tr. at 7).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 8-9).

7. The government made the following factual basis for the crime to which defendant intends to plead guilty:

> [O]n July 30 of 2009, [Officer Ryan Swope] was on patrol in the afternoon, about 1:20 in the afternoon, in the area of 75th and Paseo, and he attempted to make a traffic stop of a Ford, brown Ford pickup truck for a traffic violation. Initially, the truck failed to stop, but then the officer observed the driver appeared to be passing something to the passenger. The truck came to a stop near 76th and Paseo. The driver was identified as the defendant, Mr. McCallop. It was determined that he had a revoked operator's license and he was placed under arrest. During an inventory search of the truck the officer would testify he discovered a handgun in the center console. The gun was a Kel-Tec .9 millimeter pistol. It was loaded with ten rounds of ammunition. The officer would testify he interviewed the passenger, who said that the defendant tried to give the passenger the gun. Further, the evidence would be the defendant has, frankly, numerous prior felony convictions and that the testimony would be that the gun was manufactured in Florida.

(Tr. at 8-9).

8. Defendant was placed under oath (Tr. at 9) and admitted that he possessed a firearm and that he was not supposed to (Tr. at 11).

9. There is no plea agreement in this case (Tr. at 3, 11-12).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 12).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Raymond (Tr. at 12). There is nothing he has done that defendant did not want him to do (Tr. at 12). There is nothing he has failed to do that defendant wanted him to do (Tr. at 12).

6

12. Defendant is 23 years of age (Tr. at 12). He finished 11th grade (Tr. at 12). Defendant has no mental health or substance abuse issues (Tr. at 13). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 13).

13. Defendant tendered a plea of guilty (Tr. at 14).

## IV. *ELEMENTS OF THE CHARGED OFFENSES*

According to the Eighth Circuit Model Criminal Jury Instructions, the crime of possessing a firearm after having been convicted of a felony has three essential elements:

One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, the defendant thereafter knowingly possessed a firearm; and

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

## V. *CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the indictment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 19, 2010